Julio Falipes
vs.             Eq. No. 8960
Harry Hall

October 31, 1928.

HAHN, J. This is a bill in equity and is heard upon bill, answer and issues of fact.

This bill prays for a reconveyance of certain real estate in East Providence which complainant conveyed to said respondent under, as complainant says, an agreement that respondent was to effect a bank mortgage upon said property in the sum of $1000, the same to be payable at the rate of $25 per month, and that, instead of executing such mortgage, said respondent having represented to him that it was necessary to execute a certain instrument in order to place said mortgage, said complainant signed an instrument which he afterwards ascertained was a deed to the respondent conveying the property in question, and that after paying off an amount equivalent to said $1000, said complainant requested said respondent to reconvey said property to him but said respondent, having promised to do so, did not carry out the terms of

said agreement and this suit was brought.

The complainant is a man well advanced in years and is apparently unable to understand or speak the English language to any appreciable extent. He has worked steadily and was undoubtedly in a position, if he so desired, to pay off the mortgage by the use of the rent and the savings from his wages.

Complainant has remained in said premises during the entire period and has apparently exercised control of same and paid bills having to do with repairs. In fact, there seems to have been very little difference in the management and control of the property after the passing of the deed.

Respondent says that complainant was indebted to others; that there were attachments upon the property and that complainant and his wife owed to the respondent the sum of $800 and he took the property agreeing to pay the existing mortgage thereon, the attachments and other indebtedness of respondent, and also to release a debt of $800 owed to him by the respondent; that all of this was well known to complainant and he knew what he was signing and the reason for signing it.

The case presents many difficulties and in an endeavor to reach the true state of facts between the parties, the respondent has not convinced this Court that he was owed $800; nor was the reason which he gave for the loans aggregating $800 convincing. It appears that in the attorney's office he had some papers evidencing the indebtedness of $800, but the Court is not informed as to what these papers were. It is entirely consistent what through the friendship of the respondent and the complainant and his wife that he possibly assisted them somewhat, but it is doubtful that he ever claimed that they were indebted to him. Unless respondent can persuade this Court of the existence of this indebtedness, it appears very clearly that the complainant is entitled to the relief asked, and from the respondent's financial standing, his method of handling his affairs, the small sums of money he had on deposit in the bank and the large sums which he claims to have carried about with him in his pocket. it seems to this Court very doubtful that any such sum of money was loaned or that the complainant was indebted to him in any appreciable amount. What the papers that were destroyed in the law office were, the Court is unable to determine. They may have been memoranda of some assistance which he gave to complainants.

The entire evidence, considered as a whole, tends to disprove the fact that there was any real reason for the conveying to the respondent on the part of complainant other than that given by the complainant. Respondent was able without any question to obtain a mortgage of $1000 upon the property immediately upon receiving a deed therefor which substantially paid all complainant's indebtedness, including the mortgage then on the property. He was also able to raise by means of a second mortgage a further sum which apparently was not necessary to pay any of complainant's debts but showed that the property was worth much in excess of the $1000 or thereabouts which complainant is alleged to have owed at the time of the conveyance.

As before stated, it is difficult to reach a conclusion in this case other than by the reasoning that complainant and his wife did not understand the nature of the transaction. A member of the bar has stated the circumstances attendant upon the conveyance but he can not say that complainant or his wife understood what was being said or that they knew what the transaction was. It may be

that he explained it to them but there is no evidence that they understood it.

The burden of proof placed upon the complainant in a case of this nature has been sustained by the testimony of complainant and his wife and corroborated by the complainant's retention of control of the property, and is further corroborated to an extent by respondent's apparent financial condition. . The intention that the second mortgage should not be recorded is somewhat confirmatory of the fact that but $1000 was to be borrowed.

The complainant is entitled to the relief asked.

For complainant: George Helford.

For respondent: Augustine H. Downing.